UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br> v. <br><br> ACER, INC., ACER AMERICA CORPORATION, APPLE, INC., ATHEROS COMMUNICATIONS, INC., BELKIN INTERNATIONAL, INC., BROADCOM CORPORATION, D-LINK CORPORATION, D-LINK SYSTEMS, INC., DELL, INC., GATEWAY, INC., HEWLETT-PACKARD COMPANY, INTEL CORPORATION, LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS, INC., MARVELL SEMICONDUCTOR, INC., MOTOROLA, INC., PERSONAL COMMUNICATIONS DEVICES, LLC, SONY CORPORATION, SONY CORPORATION OF AMERICA, SONY ELECTRONICS, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., TEXAS INSTRUMENTS, INCORPORATED, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., TOSHIBA CORPORATION, and UTSTARCOM, INC., <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 2:10-cv-124 <br><br> JURY TRIAL REQUESTED |

**ORIGINAL COMPLAINT**

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this Original Complaint for patent infringement against Defendants Acer, Inc. and Acer America Corporation ("Acer"),

Austin 58034v3

Apple, Inc. ("Apple"), Atheros Communications, Inc. ("Atheros"), Belkin International, Inc. ("Belkin"), Broadcom Corporation ("Broadcom"), D-Link Corporation and D-Link Systems, Inc. ("D-Link"), Dell, Inc. ("Dell"), Gateway, Inc. ("Gateway"), Hewlett-Packard Company ("Hewlett-Packard"), Intel Corporation ("Intel"), Lenovo Group Ltd. and Lenovo (United States) Inc. ("Lenovo"), LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc. ("LG"), Marvell Semiconductor, Inc. ("Marvell"), Motorola, Inc. ("Motorola"), Personal Communications Devices, LLC ("Personal Communications Devices"), Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., and Sony Computer Entertainment America, Inc. ("Sony"), Texas Instruments, Incorporated ("Texas Instruments"), Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba Corporation ("Toshiba"), and UTStarcom, Inc. ("UTStarcom") for infringement of U.S. Patent No. 5,515,369 (the "'369 Patent" or the "Patent-in-Suit") pursuant to 35 U.S.C. § 271.  A copy of the Patent-in-Suit is attached as Exhibit A.

## PARTIES

1. Plaintiff Wi-LAN Inc. is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2. Upon information and belief, Defendant Acer, Inc., is a Taiwanese Corporation with its principal place of business at 8F, 88, Sec. 1, Hsin Tai Wu Rd., Hsichih 221, Taiwan.  Upon information and belief, Defendant Acer America Corporation is a California Corporation with its principal place of business at 333 W. San Carlos Street, Suite 1500, San Jose, California 95110.  Acer manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with

the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants Acer, Inc. and Acer America Corporation are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Acer may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

3. Upon information and belief, Defendant Apple is a California Corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas. Apple may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

4. Upon information and belief, Defendant Atheros is a Delaware Corporation with its principal place of business at 5480 Great America Pkwy., Santa Clara, California 95054. Atheros manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas. Atheros may be served with process by serving its registered agent, LexisNexis Document Solutions, Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5. Upon information and belief, Defendant Belkin (formerly Belkin Corporation) is a Delaware Corporation with its principal place of business at 12045 E. Waterfront Drive, Playa Vista, California 90094. Belkin manufactures for sale and/or

sells wireless products compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Belkin may be served with process by serving its registered agent, National Registered Agents, Inc. at 2875 Michelle Drive, Suite 100, Irvine, California 92606.

6. Upon information and belief, Defendant Broadcom is a California Corporation with its principal place of business at 5300 California Ave., Irvine, California 92617.  Broadcom manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Broadcom may be served with process by serving its registered agent, National Registered Agents, Inc. at 2875 Michelle Drive, Suite 100, Irvine, California 92606.

7. Upon information and belief, Defendant D-Link Systems, Inc. is a California Corporation with its principal place of business at 17595 Mt. Hermann St., Fountain Valley, California 92708.  Upon information and belief, Defendant D-Link Corporation is a Taiwanese Corporation with its principal place of business at 4F, No. 289, Sinhu 3rd Rd., Neihu District, Taipei City, Taiwan.  D-Link manufactures for sale and/or sells wireless products compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants D-Link Systems, Inc. and D-Link Corporation are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  D-Link may be served with process by serving its registered agent, Nancy Lemm at 17595 Mt. Hermann Street, Fountain Valley, California 92708.

8. Upon information and belief, Defendant Dell is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222. Dell manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas. Dell may be served with process by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

9. Upon information and belief, Defendant Gateway is a Delaware Corporation with its principal place of business at 7565 Irvine Center Dr., Irvine, California 92618. Gateway manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas. Gateway may be served with process by serving its registered agent, CT Corporation System at 818 West Seventh Street, Los Angeles, California 90017.

10. Upon information and belief, Defendant Hewlett-Packard is a Delaware Corporation with its principal place of business at 3000 Hanover St., Palo Alto, California 94304. Hewlett-Packard manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas. Hewlett-Packard may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

11. Upon information and belief, Defendant Intel is a Delaware Corporation with its principal place of business at 2200 Mission College Blvd., Santa Clara,

California 95054-1549.  Intel manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Intel may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

12. Upon information and belief, Defendant Lenovo Group Ltd. is a Hong Kong Corporation with its principal place of business at 23/F Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong.  Upon information and belief, Defendant Lenovo (United States) Inc. is a Delaware Corporation with its principal place of business at 1009 Think Place, Bldg. 500, Box 29, Morrisville, North Carolina 27560.  Lenovo manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Upon information and belief, Defendants Lenovo Group Ltd. and Lenovo (United States) Inc. of North America are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  Lenovo may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

13. Upon information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. is a California Corporation with its principal place of business at 10101 Old Grove Road, San Diego, California 92131.  Upon information and belief, Defendant LG Electronics, Inc. is a corporation organized and existing under the laws of the country of Korea with its principal place of business at LG Twin Towers 20 Yeouido-dong,

Yeongdeungpo-gu, Seoul, Korea 150-721.  LG manufactures for sale and/or sells mobile handsets and/or other wireless products compliant with the Bluetooth standards.  Upon information and belief, Defendants LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  LG may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, Texas  77062.

14. Upon information and belief, Defendant Marvell Semiconductor, Inc. is a California Corporation with its principal place of business at 5488 Marvell Ln., Santa Clara, California 95054-3606.  Marvell manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Marvell may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

15. Upon information and belief, Defendant Motorola is a Delaware Corporation with its principal place of business at 1303 E. Algonquin Rd., Schaumburg, Illinois 60196.  Motorola manufactures for sale and/or sells mobile handsets and/or other wireless products compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Motorola may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

16.     Upon information and belief, Defendant Personal Communications Devices is a Delaware Limited Liability Company with its principal place of business at 555 Wireless Blvd., Hauppauge, New York 11788.  Personal Communications Devices manufactures for sale and/or sells mobile handsets and/or other wireless products compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Personal Communications Devices may be served with process by serving its registered agent, Corporation Service Co., 80 State Street, Albany, New York 12207.

17.     Upon information and belief, Defendant Sony Corporation is a Japanese Corporation with its principal place of business at 7-1, Konan, 1-chome Minato-ku, Tokyo 108-0075, Japan.  Upon information and belief, Defendant Sony Corporation of America is a New York Corporation with its principal place of business at 555 Madison Ave. 8th Floor, New York, New York 10022.  Upon information and belief, Defendant Sony Electronics, Inc. is a Delaware Corporation with its principal place of business at 555 Madison Ave. 8th Floor, New York, New York 10022.  Upon information and belief, Defendant Sony Computer Entertainment America, Inc. is a Delaware Corporation with its principal place of business at 919 E Hillsdale Blvd., Foster City, California 94404. Sony manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Upon information and belief, Defendants Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., and Sony Computer Entertainment America, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  Sony may be served with process

by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

18. Upon information and belief, Defendant Texas Instruments is a Delaware Corporation with its principal place of business at 12500 TI Blvd., Dallas, Texas 75243. Texas Instruments manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in mobile handsets and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Texas Instruments may be served with process by serving its registered agent, Joseph F. Huback at 7839 Churchill Way, MS3999, Dallas, Texas 75251.

19. Upon information and belief, Defendant Toshiba Corporation is a Japanese Corporation with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.  Upon information and belief, Defendant Toshiba America, Inc. is a Delaware Corporation with its principal place of business at 1251 Avenue of the Americas Suite 4110, New York, New York 10020.  Upon information and belief, Defendant Toshiba America Information Systems, Inc. is a California Corporation with its principal place of business at 9740 Irvine Blvd., Irvine, California 92618.  Toshiba manufactures for sale and/or sells personal computers and/or other products with wireless capability compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  Upon information and belief, Defendants Toshiba Corporation, Toshiba America, Inc. and Toshiba America Information Systems, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  Toshiba may be served with process by serving

its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

20. Upon information and belief, Defendant UTStarcom, Inc. is a Delaware Corporation with its principal place of business at 1275 Harbor Bay Parkway, Alameda, California 94502.  UTStarcom manufactures for sale and/or sells mobile handsets and/or other wireless products compliant with the Bluetooth standards in the United States and, more particularly, in the Eastern District of Texas.  UTStarcom may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

21. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23. This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others), imports, ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern

District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

24. Venue is proper in this Court pursuant to 28 U S.C. §§ 1391 and 1400(b).

### COUNT I: PATENT INFRINGEMENT

25. On May 7, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '369 Patent, entitled "Method for Frequency Sharing and Frequency Punchout in Frequency Hopping Communications Network" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '369 Patent and possesses all rights of recovery under the '369 Patent, including the right to recover damages for past infringement.

26. The Patent-in-Suit is valid and enforceable.

27. Upon information and belief, Acer has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

28. Upon information and belief, Apple has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere

by making, using, offering for sale, importing, and/or selling personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

29. Upon information and belief, Atheros has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

30. Upon information and belief, Belkin has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

31. Upon information and belief, Broadcom has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

32. Upon information and belief, D-Link has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

33. Upon information and belief, Dell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

34. Upon information and belief, Gateway has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

35. Upon information and belief, Hewlett-Packard has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling

personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

36. Upon information and belief, Intel has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

37. Upon information and belief, Lenovo has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

38. Upon information and belief, LG has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

39. Upon information and belief, Marvell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally

and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

40. Upon information and belief, Motorola has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

41. Upon information and belief, Personal Communications Devices has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

42. Upon information and belief, Sony has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

43. Upon information and belief, Texas Instruments has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in mobile handsets and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

44. Upon information and belief, Toshiba has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling personal computers and/or other products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

45. Upon information and belief, UTStarcom has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products with wireless capability compliant with the Bluetooth standards that fall within the scope of at least one claim of the Patent-in-Suit.

46. Wi-LAN has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the Patent-in-Suit, Wi-LAN will suffer irreparable harm.

47. Many of the Defendants have had knowledge of the Patent-in-Suit and have not ceased their infringing activities. These Defendants' infringement of the Patent-in-Suit has been and continues to be willful and deliberate. All the Defendants have knowledge of the Patent-in-Suit by way of this complaint and to the extent they do not cease their infringing activities their infringement is and continues to be willful and deliberate.

48. Wi-LAN is in compliance with the requirements of 35 U.S.C. § 287.

49. Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

A. A judgment in favor of Wi-LAN that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patent-in-Suit;

B. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patent-in-Suit;

C. Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

E.	A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

F.	Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

G.	Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

## DEMAND FOR JURY TRIAL

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

DATED:  April 7, 2010.

Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ Sam Baxter
Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 903-9000
Telecopier: (903) 903-9099

Robert A. Cote
rcote@mckoolsmith.com
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

**ATTORNEYS FOR WI-LAN INC.**